No. 29,683.

THE MILFORD FARMERS COÖPERATIVE EXCHANGE, *Appellant*, v. E. E. MELLINGER, *Appellee*.

(297 Pac. 706.)

Opinion filed April 11, 1931.

*I. M. Platt,* of Junction City, *Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman,* all of Topeka, for the appellant.

*J. V. Humphrey* and *A. S. Humphrey,* both of Junction City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action brought by a corporation to collect the balance due upon a subscription to the capital stock of the corporation. Judgment was for defendant. Plaintiff appeals.

Appellee was at one time a stockholder in the Geary County Farmers Union Coöperative Exchange. This corporation owned and operated several stores. Among them was a general store at Milford, Kan. It had been purchased by the Geary county company from appellee some years before the suit. He had been paid for the store, partly in cash, partly in stock. The stock consisted of 253 shares in the Geary county company of a par value of $10 a share, or $2,530. That company went along for a few years and finally became involved. At that time the stockholders living around Milford, including the appellee, had a meeting and concluded to organize a new corporation. It was the purpose of this corporation to buy the Milford store from the Geary county company and operate it. The Milford Farmers Union Coöperative Exchange was organized by these stockholders of the Geary county company. Each stockholder in the old company, who went into the deal, surrendered the stock which he held in that company, and in return therefor all of them together received the store at Milford in exchange for this stock. The store was held for a month or two in that manner and then was turned over by this group to the Milford company, in return for which the Milford company issued stock to those who had thus acquired the Milford store in the same amount that each member held in the Geary county company. This stock was marked fully paid and nonassessable. Appellant insists that there was an understanding with all these stockholders that they should turn in their stock in the Geary county company at 50 cents on the dollar, even though they did receive the same number of shares that they had owned in that company at the same par value.

This question of fact was an issue in the case and was decided by the jury in its answers to questions contrary to the claim of appellant.

It should be noticed here that at the time the store was acquired by the organizers of the Milford company and the Geary county company, about twenty of them executed a note for $4,000 as an additional part of the purchase price for the store in addition to the stock in the Geary county company which they were surrendering. They also paid $1,000 cash, which was obtained by the sale of merchandise from the store.

It is the theory of the appellant that notwithstanding the fact that appellee received 253 shares of stock in the Milford company, marked fully paid, at a par value of $10 a share, in fact this stock

was not fully paid, but appellee still owed one-half of its par value, or $1,265. A reformation of the stock'certificate was asked in the petition of appellant. A few years after the Milford company was organized and began to operate the store it encountered financial trouble and finally at a meeting of the stockholders decided to make a call for the balance of the purchase price of the stock. Appellee refused to pay anything upon this call and the suit in question was brought. The case was tried and submitted to a jury. The jury returned a general verdict for the appellee and answered special questions, upholding his contention. The judgment was for appellee. On the appeal appellant sets out several specifications of error, but the only one relied on in the brief is the giving of certain instructions by the court and the refusal to give certain requested instructions. The instructions, the giving of which appellant claims constitute error, are as follows:

"If you find that the plaintiff company or the persons promoting the same caused the stock in question to be issued to the defendant for a like amount of stock in the Geary county company, without informing him or bringing to his knowledge that he would be required to pay in money the difference between the value of the Geary county stock and the par value of the stock in the plaintiff campany, then the defendant would be under no liability for the payment of any further sum for the stock in the plaintiff company.

"You are instructed that a corporation has a right to sell its stock or to exchange the same for money or property of a value less than the par value of the stock, and in case of such issuance of its stock for property of a value less than the par value of said stock, the company has no right afterwards to collect from the stockholder the difference between the consideration paid for it and the par value of the stock, in the absence of an agreement to pay such difference or that such property was taken as part payment of the stock so issued.

"You are instructed that if the promoters of the plaintiff company intended to require the defendant and others, in addition to the surrender of stock in the Geary county company, to make a cash payment, but that the officers of the plaintiff company, after it became incorporated, made no decision by resolution or otherwise, to that effect, and the defendant at the time he surrendered his stock in the Geary county company and received stock in the Milford company in good faith believed that the surrender of his stock in the Geary county company was in full consideration of the stock issued to him, then and in that event the plaintiff cannot recover."

The instructions which appellant claims should have been given are as follows:

"You are further instructed that if you find from the evidence that the plaintiff company purchased and accepted the Milford store from the former

owners of stock in the Geary county company who resided in the neighborhood of Milford, at the agreed price of $10,000 therefor, and further find from the evidence that such consideration was paid by the plaintiff company for said stock of merchandise by the issuance of its stock of the value of $10,000, and the assumption by the said plaintiff company of indebtedness in the approximate amount of $5,000, then you are instructed that the shares of stock in the approximate amount of $10,000 issued by plaintiff to the former owners of the Geary county company stock, could not be said to be fully paid.

"It is admitted by the parties hereto that prior to the beginning of this suit, and in 1928, the directors of the plaintiff company made a call upon the stockholders of plaintiff company for the unpaid balance upon their stock, and notice thereof was sent and received by defendant, and defendant has since refused to pay any amount thereon. If you find the facts stated in the preceding paragraph, then you should return the verdict for the plaintiff for the amount of the purchase price of said stock which remains unpaid.

"You are further instructed that in the absence of an agreement to the contrary, where a person purchases stock in a corporation, and accepts the certificate of stock in said corporation, the law will presume that he intends to pay the full value thereof."

It will be seen that the theory of appellant is that if the appellee secured stock in the plaintiff corporation at a price less than par, then he is liable to the corporation for the balance of the par value of the stock, no matter what the agreement between appellee and the corporation was at the time the stock was sold. Appellant cites 5 Fletcher on Corporations, sec. 3576, pp. 5875-5877, to bear out that contention. That citation is not in point by reason of the fact that the answers of the jury to the questions and the general verdict do not find as a matter of fact, nor does the record disclose, that the par value of the stock of the Milford company, acquired by appellee, was worth more than the proportionate amount of the store acquired by the Milford company. The thing that was acquired by the Milford company in exchange for its stock was the store at Milford, and while the jury states that the store was acquired for the stock and $5,000 in cash additional, that is no evidence, nor does it constitute a finding, that the store was not actually worth as much as was given for it. (*Dickerman v. Northern Trust Co.,* 80 Fed. 450; id., 176 U. S. 181; *Clinton Mining & Mineral Co. v. Jamison,* 256 Fed. 577.) There is no statutory limitation in our state as to what property a corporation may receive in exchange for stock. The instructions given by the court so much objected to by appellant state the law as laid down in 14 C. J. 458, which is as follows:

"In the absence of constitutional, statutory or charter provision to the

contrary, an agreement by which a corporation issues stock for property, labor or services is binding, unless rescinded for fraud on the corporation and on the participating or consenting stockholders, irrespective of the actual value of the property, labor or services as compared with the par value of the stock, no rights of dissenting stockholders or creditors being involved."

For the reasons already given, the instructions asked for by appellant were properly refused.

The judgment of the lower court is affirmed.

SLOAN, J., not participating.